# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| ISAAC PETERSON, | ) | CASE NO. 1:23 CV 1790 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| TIFFANY BRAZELTEN, *et al.*, | ) | OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Isaac Peterson has filed a complaint in this case against multiple defendants (R. 1), along with a motion to proceed *in forma pauperis*. (R. 2).

His complaint does not set forth any factual allegations regarding conduct of any defendant, or providing a basis for his suit.  Rather, in its entirety, his complaint simply states:

> 14th Amendment deprive me of my p[ur]suit of happiness.  Have not seen my son since Oct. 29, 2018. full custody of son as well as pay of $76,000 for pain and suffering.

(R. 1-1 at PageID# 8).

Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits.  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or construct claims for them. *See Erwin v. Edwards*, 22 F. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001).

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such

action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

In addition, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court finds that plaintiff's complaint warrants dismissal pursuant § 1915(e)(2)(B) and *Apple v. Glenn*. Plaintiff's complaint fails to meet basic pleading requirements and is so incoherent, unsubstantial, and frivolous that it fails to provide a basis to establish this Court's subject-matter jurisdiction over any plausible federal claim against any defendant in the case. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for

relief).  Further, district courts lack jurisdiction over child custody matters.  *Partridge v. State of Ohio*, 79 Fed. App'x 844, 845 (6th Cir. 2003).

### Conclusion

Accordingly, plaintiff's motion to proceed *in forma pauperis* (R. 2) is granted, and his complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and *Apple v. Glenn*. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE

Date: October 8, 2024